Filed 7/16/21  P. v. Velarde CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT VELARDE,<br><br>    Defendant and Appellant. | B306156<br><br>(Los Angeles County<br>Super. Ct. No. KA122315) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge.  Affirmed as modified.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury convicted Robert Velarde of carjacking and driving or taking a vehicle without consent. He contends on appeal that the trial court erred in imposing four prior prison term enhancements and that it miscalculated his custody credits for the time he spent in presentence custody. The People agree with Velarde's contentions. We strike the prior prison term enhancements and award Velarde an additional four days of custody credit. In all other respects, we affirm.

## BACKGROUND

On October 20, 2019, Velarde carjacked the victim's car from a parking lot. That same day, officers arrested Velarde at a nearby motel where they found the stolen vehicle.

An information charged Velarde with carjacking (Pen. Code,[1] § 215, subd. (a); count 1) and driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 2). The information also alleged that Velarde had four prison priors under section 667.5, subdivision (b).

A jury convicted Velarde of both counts. On May 15, 2020, the trial court sentenced Velarde to five years in state prison, and awarded him credit for 206 actual days he had spent in custody and 30 days for good time and work credit. With respect to the prison priors, the trial court imposed the enhancements but struck the punishment.

Velarde appealed.

---

[1] All further undesignated statutory references are to the Penal Code.

2

# DISCUSSION

I.    The prior prison term enhancements

Velarde contends and the People concede that the trial court erred in imposing the four prior prison term enhancements under section 667.5. We agree.

Under the prior version of section 667.5, subdivision (b), the trial court was required to impose a one-year enhancement for each prior separate prison term served for "any felony." (Stats. 2018, ch. 423, § 65.) In 2019, Senate Bill No. 136 amended section 667.5 to apply only to a prior prison term served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667.5, subd. (b).)

Here, Velarde's prior prison terms were based on convictions for burglary (§ 459), battery (§ 243, subd. (d)), possession of drug paraphernalia while in prison (§ 4573.8), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). The trial court acknowledged the amendments to section 667.5, under which the prison terms for Velarde's prior convictions are not subject to enhancement, but nevertheless imposed the one-year prior prison term enhancements. The court, however, ordered "the punishment" stricken, citing "the recent change [in] the law." This was in error. Because Velarde's prior prison terms were not for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b), the sentence enhancements could not lawfully be imposed. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–341.) It is not therefore the punishment, but the enhancements themselves that must be stricken.

II.     Calculation of custody credits.

Velarde contends and the People concede that the trial court erred in calculating the number of custody credits for the time Velarde spent in presentence custody.

A criminal defendant is entitled to credit for time served in presentence custody, including extra time awarded for good behavior and for work.  (§§ 2900.5, subd. (a), 4019, subd. (a)(1).)  Generally, a defendant is entitled to four days of custody credit for every two days spent in actual custody.  (§ 4019, subd. (f).)  However, if the defendant is convicted of a violent felony, the credit is limited to 15 percent of the actual custody time.  (§ 2933.1.)  We can resolve presentence credit miscalculations if doing so will serve the interests of judicial economy (*People v. Jones* (2000) 82 Cal.App.4th 485, 493), but it is the appellant's burden to affirmatively demonstrate his entitlement to credit for any particular time period (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81).

Here, Velarde has demonstrated that the trial court miscalculated the number of days he spent in presentence custody and further erred by basing its award of good time and work credit on its miscalculation.  The trial court awarded Velarde 206 days of actual time and 30 days for good time and work credit.  Velarde, however, was in custody between October 20, 2019 and May 15, 2020 for a total of 209 days.  Velarde was therefore entitled to three additional days spent in actual custody plus one additional day for good time and work credit under section 4019.  As such, the trial court should have awarded Velarde four additional custody credits.

4

## DISPOSITION

The judgment is modified to include four additional custody credits and to strike the four 1-year enhancements imposed under Penal Code section 667.5, subdivision (b).  The trial court is directed to prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED.


THOMAS, J.*


We concur:



EDMON, P. J.



EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.